RECEIVED
2005 SEP 22 P 3: 04
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| KENNETH AND DEBRA SCOTT, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WASHINGTON MUTUAL BANK, F.A., )<br>)<br>Defendant. )<br>) | No. 2:05 907-C<br>(Circuit Court of<br>Lowndes County, Alabama,<br>Case No. CIV 05-10) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Washington Mutual Bank ("WAMU"), formerly known as Washington Mutual Bank, F.A., by and through its attorneys, hereby files this Notice of Removal of the action styled *Kenneth Scott, et al. v. Washington Mutual Bank, F.A.*, Case No. CIV 05-10, pending in the Circuit Court of Lowndes County, Alabama (the "State Court Action"). In support of its Notice of Removal, WAMU states as follows:

1. Plaintiffs Kenneth and Debra Scott ("Plaintiffs") filed the State Court Action on or about February 17, 2005, alleging claims for breach of contract, suppression, violation of the Alabama Mini-Code, and unjust enrichment. (*See* Ex. A, Cmplt.)

2. On or about August 22, 2005, Plaintiffs filed their First Amended Class Action Complaint ("First Amended Complaint") in the State Court Action, in which they brought a new claim under the federal Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* (*See* Ex. B, First Am. Cmplt.) They also continued to bring state law claims for breach of contract and unjust enrichment. Plaintiffs mailed the First Amended Complaint to WAMU counsel on August 22, 2005, according to their Certificate of Service. (*See* Ex. B, First Am. Cmplt. at 7.) Counsel for WAMU received the First Amended Complaint on August 23, 2005.

3. An action is removable to this Court whenever the Court could have had original jurisdiction over the subject matter of the action. 28 U.S.C. § 1441. The Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Claims under the federal Fair Credit Reporting Act raise such a federal question. *See also* 15 U.S.C. § 1681p ("an action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy. . . ."). Defendant WAMU therefore is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441.

4. Supplemental jurisdiction over the remaining state-law claims against WAMU is appropriate, as those claims form part of the same case or controversy as the Fair Credit Reporting Act claim. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165-66, 118 S. Ct. 523, 530 (1997) (when a case with a federal question claim is removed, the court has original jurisdiction over the claim and can exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367); 28 U.S.C. § 1367(a) ("district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").

5. This action is properly removed to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1441(a), in that the state court where the State Court Action was filed is in the Middle District of Alabama. *See* 28 U.S.C. § 81(b).

6. Defendant WAMU desires to remove this action to this Court and submits this Notice, along with all other process, pleadings, orders, motions, and other briefs that have been served upon it or filed in the action. (*See* Exs. A and B, Complaints; *see also* Ex. C.) WAMU is

not aware of any other process, pleadings, orders, motions, or other briefs filed in the State Court Action.

7. Written notice of the filing of this Notice of Removal is being provided to Plaintiffs. A copy of this Notice of Removal is being filed with the Circuit Court of Lowndes County, Alabama, as required by 28 U.S.C. § 1446(d).

8. This Notice is filed with this Court within 30 days after August 23, 2005, the day Defendant WAMU received a copy of the First Amended Complaint from which it first ascertained that the case is one which has become removable. Removal is timely pursuant to 28 U.S.C. § 1446(b).

9. By filing this Notice of Removal, WAMU does not waive any defenses or objections it may have to this action.

WHEREFORE, Defendant Washington Mutual Bank hereby removes this matter to this Court from the Circuit Court of Lowndes County, Alabama.

Dated: September 22, 2005

Respectfully submitted,

WASHINGTON MUTAL BANK

By: _____
One of Its Attorneys

P. Richard Hartley (Alabama Bar #HAR050)
Hartley & Hickman
415 East Commerce Street, Suite 101
P.O. Box 583
Greenville, Alabama 36037-0583
Telephone: (334) 382-6618
Fax: (334) 382-5183

3

## CERTIFICATE OF SERVICE

I hereby certify that I have this the 22nd day of September, 2005, mailed a copy of the foregoing Civil Cover Sheet, Corporate Disclosure Statement and Notice of Removal by placing the same properly addressed in the U. S. Mail, with sufficient postage to insure delivery, to the following:

Randall K. Bozeman
Bozeman & Bozeman
P. O. Box 337
Hayneville, AL 36040-0337

Wilson F. Green
Battle Fleenor Green Winn & Clemmer LLP
The Financial Center
505 North 20th Street, Suite 1150
Birmingham, Alabama 35203


_____
Of Counsel