**Date:** April 21, 2000

**State Law Limiting Payoff Statement Fees**

Federal law preempts the application to a federal savings association of provisions of a New York law that limits the imposition of fees for providing mortgage loan payoff statements.

**Subject:** Home Owners' Loan Act/Savings Association Powers.

**P-2000-6**



**Office of Thrift Supervision**

Department of the Treasury

1700 G Street, N.W., Washington, DC 20552 • (202) 906-6251

**P-2000-6**

*Chief Counsel*

April 21, 2000

[

]

**Re: State Law Limiting Payoff Statement Fees**

Dear [        ]:

    This responds to your inquiry submitted on behalf of [
        ] ("Association") located in [                    ]. You request that the Office of Thrift Supervision ("OTS") confirm your conclusion that federal law preempts the application of provisions of a New York law that limits the imposition of fees for providing mortgage loan payoff statements. In brief, we conclude that federal law preempts application of the New York law to the Association.

    The Association engages in residential mortgage lending. You indicate that upon request, the Association will prepare and provide its residential mortgage loan borrowers with loan payoff statements showing the balance owed on their mortgage loans, including principal and accrued interest as of a specific date, and the per diem interest charges accruing after such date. If the borrower requests that the payoff statement be prepared and sent by fax, the Association charges a fee of $[ ]; otherwise the Association will prepare and mail the payoff statement to the borrower free of charge.

    You have provided us with a copy of § 274-a of the New York Real Property Law.[1] Section 274-a(2) requires that under certain circumstances, the mortgagee of certain residential real property deliver within 30 days of a "bona fide written demand" certain "mortgage-related documents," defined to include a loan payoff statement to an authorized individual.[2] Section 274-a(2) also prohibits the mortgagee from charging

---

[1] N.Y. Real Prop. Law 274-a (Consol. 1999).

[2] Section 274-a(2)(b)(iii) defines "bona fide written demand" as "a written demand made by an authorized individual in connection with a sale or refinancing of the mortgaged property or some other event where the mortgage is reasonably expected to be paid off or assigned." The term "mortgagee" is defined to include banking institutions chartered or licensed by the United States.

2

borrowers for the mortgage-related documents pursuant to an initial request, but a mortgagee "may charge not more than twenty dollars, or such amount as may be fixed by the banking board, for each <u>subsequent</u> payoff statement provided . . . ." (Emphasis added.)

While it is not entirely clear from the face of the statute that it would bar charging for the service of faxing a payoff statement to a borrower,[3] you advised us that a recent New York state court decision indicates that such a charge would be barred. On November 5, 1999, a New York state appellate court found that a borrower who alleged that a mortgagee charged a fax fee to provide a payoff statement to borrower upon an oral request stated a cause of action for violation of §274-a(2).[4] The court allowed the borrower to proceed with a cause of action challenging the imposition of the fee by the lender. You are concerned that the Association might be found liable for its practice and ask whether the limitation on charging fees in §274-a(2) applies to the Association.

OTS regulations are clear that federal law preempts state laws that restrict loan-related fees. Section 560.2(b)(5) expressly provides that state laws purporting to impose requirements regarding loan-related fees are preempted.[5] On numerous prior occasions, the OTS and its predecessor agency have interpreted and applied § 560.2(b)(5) in the context of state laws restricting particular types of fees.[6]

Here, the fee the Association charges for faxing loan payoff statements, at the borrower's request, is a loan-related fee. The Association charges this fee for providing its loan customers the convenience of rapid receipt of a payoff statement containing information concerning all outstanding amounts on, and the payoff value of, their loans.[7] The payoff statement is an integral part of the lending process as it provides the information necessary to satisfy the debt and extinguish the extension of credit.

---

[3] Discussions with a legal representative in the New York Banking Department concerning § 274-a(2) did not clarify the ambiguity.

[4] <u>Negrin v. Norwest Mortgage, Inc.</u>, 700 N.Y.S.2d 184 (N.Y. App. Div. 1999).

[5] 12 C.F.R. § 560.2(b)(5) (1999).

[6] <u>See e.g.,</u> OTS Op. Chief Counsel (November 22, 1999) (certain ATM-fees); OTS Op. Chief Counsel (March 10, 1999) (fax fees for payoff statements); OTS Op. Chief Counsel (December 24, 1996) (appraisal and credit insurance fees); FHLBB Op. Chief Counsel (June 29, 1988) (late payment charges).

[7] OTS has noted in the past that institutions are not required to provide services free of charge. <u>See</u> OTS Op. Chief Counsel (Nov. 22, 1999) at 10.

3

Therefore, under § 560.2(b)(5), to the extent § 274-a(2) would prohibit the Association from charging a borrower for faxing a loan payoff statement requested by the borrower, § 274-a(2) does not apply to the Association.

In reaching this conclusion, we have relied on the information, representations, and materials you submitted to us in writing and in subsequent conversations with OTS staff, as summarized herein. Any material differences in the facts or circumstances from those described herein could result in different conclusions.

If you have any questions regarding this matter, please contact Teresa A. Scott (Counsel, Banking and Finance) at 202-906-6478.

Very truly yours,

Carolyn J. Buck
Chief Counsel

cc: Regional Directors
    Regional Counsel