UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH AND DEBRA SCOTT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:05-CV-907 |
| | ) |
| WASHINGTON MUTUAL BANK, F.A., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT WASHINGTON MUTUAL BANK'S
ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant Washington Mutual Bank ("WAMU"), formerly known as Washington Mutual Bank, F.A., hereby files its answer and affirmative defenses to Plaintiffs' First Amended Class Action Complaint (the "Complaint").

**ANSWER**

1. This is an action against WAMU for the imposition of unconscionable, unauthorized, and excessive Payoff Fees ("PFs") in connection with the payoff and satisfaction of mortgage loans. WAMU, which acquired the Scotts' mortgage loan, charged the Scotts **$180.00** in connection with the payoff of said mortgage loan, even though the Note does not authorize the charging of any such fee and prohibits any prepayment penalty. WAMU has charged other mortgagees similar PFs to its other borrowers in connection with mortgage loans which WAMU owns, has acquired, or services, and has therefore acted willfully and intentionally in connection with the imposition of such PFs.

**ANSWER:** WAMU admits that this is an action against WAMU, and that it acquired the Plaintiffs' mortgage loan. WAMU also admits that Plaintiffs were charged a total of $180.00, comprised of three separate $60.00 payoff statement fee charges that were due and owing irrespective of whether Plaintiffs ultimately paid off their loan. WAMU admits that other borrowers have been charged payoff statement fees. WAMU objects to Plaintiffs' term "Payoff Fee" as it does not accurately reflect the fact that the fee was charged for the service of providing

a borrower on an expedited basis with a written statement setting forth the amount due and owing to pay off the loan. WAMU denies each and every remaining allegation in Paragraph 1.

2.  WAMU has also discriminated and taken adverse actions against the Scotts, and others similarly situated to the Scotts, with respect to its charges for PFs.  WAMU charged the Scotts $180.00 (which WAMU contends actually represented three separate $60.00 charges) for their PFs. But WAMU charged other borrowers only $30.00 for a PF.  On information and belief, WAMU decided what amount to charge a borrower for a PF based on information contained in the borrower's credit file and credit report.  But when it imposed that charge, WAMU did not comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., which required WAMU to give notice to a borrower (such as the Scotts) against whom adverse action was taken.

**ANSWER:**  WAMU admits that it charged Plaintiffs a total of $180.00, representing three $60.00 charges for separately requested payoff statements. WAMU admits that at separate times it charged other borrowers $30.00 for the service of providing a written payoff statement on an expedited basis.  WAMU specifically denies that WAMU decided what amount to charge a borrower for a payoff statement based on information contained in the borrower's credit file and/or credit report.  WAMU denies each and every remaining allegation in Paragraph 2.

3.  Plaintiffs are resident citizens of Lowndes County, Alabama.

**ANSWER:**  WAMU is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3.

4.  WAMU is a bank chartered under the laws of a jurisdiction other than Alabama, with principal offices located in a state other than Alabama.

**ANSWER:**  WAMU admits that it is a federally chartered savings association with corporate offices in states other than Alabama.  WAMU denies each and every remaining allegation in Paragraph 4.

5.  Venue is proper in this Court.

**ANSWER:**  Admitted.

6.  On or about October 13, 1987, Plaintiffs contracted with Louis Shepherd Construction Co. ("Shepherd") for the construction of a house or home improvements to their house in Fort Deposit, Alabama. To pay for the construction work, Plaintiffs entered into an

2

installment sales contract and security agreement ("Note") with Shepherd with a face amount of $49,700.00. A true and correct copy of the Note is attached as **Exhibit A** hereto.

**ANSWER:** WAMU admits that the Plaintiffs entered into a loan secured by a Note, and that a true and correct copy of the Note is attached to the Complaint. WAMU denies each and every remaining allegation in Paragraph 6.

7. Shepherd sold the Note to Goldome Credit Corp. ("Goldome"), and ultimately, WAMU acquired the Note. Plaintiffs made their monthly payments, which were scheduled to be paid for 240 consecutive months (20 years).

**ANSWER:** WAMU admits that at some point after origination, the Note was transferred to WAMU. The terms of that Note speak for themselves. WAMU denies each and every remaining allegation in Paragraph 7.

8. In June of 2003, Plaintiffs decided to refinance the remaining portion of the debt owed under the Note.

**ANSWER:** WAMU is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8.

9. On or about June 17, 2003, Plaintiffs refinanced their WAMU mortgage. WAMU sent a Demand/Payoff Statement ("Statement"), a true and correct copy of which is attached hereto as **Exhibit B**, which was used to calculate the payoff for closing. Without authorization, and without any contractual authority conferred in the Note, and in the face of a contractual prohibition on prepayment penalties in the Note, WAMU unilaterally charged Plaintiffs **$180.00** as a PF. WAMU has contended that this PF actually comprised three separate $60.00 charges for PFs.

**ANSWER:** WAMU admits that, at the request of Plaintiffs or their agent, it transmitted at least three written payoff statements to Plaintiffs or their agent. WAMU further admits that it charged Plaintiffs $180.00 for the service of providing written payoff statements on an expedited basis. WAMU is without knowledge or information sufficient to form a belief as to the allegation that a payoff statement transmitted by WAMU was used to calculated a payoff amount at closing. WAMU denies each and every remaining allegation in Paragraph 9.

10. WAMU charged other borrowers only $30 for their PFs. Attached hereto as Exhibit C is an example of such a PF charge.

**ANSWER:** WAMU admits that it charged other borrowers $30.00 for payoff statements but denies the implication that it charged $30.00 to other borrowers in the time period during which Plaintiffs were charged $60.00. WAMU denies each and every remaining allegation in Paragraph 10.

11. On information and belief, WAMU determines the amount to charge a borrower for a PF based on information contained in the credit file and credit report of the borrower. Thus, the higher charges for PFs incurred by the Scotts and others similarly situated are discriminatory and constitute "adverse actions" within the meaning of FCRA, 15 U.S.C. § 1681a(k)(1).

**ANSWER:** Denied.

12. WAMU did not send Plaintiffs any notice of adverse action, as required by FCRA, 15 U.S.C. § 1681m, following imposition of the PF.

**ANSWER:** WAMU admits that it did not send Plaintiffs any notice of "adverse action" because WAMU denies that "adverse action" (as that term is defined by 15 U.S.C. § 1681a(k)(1)) was taken against Plaintiffs. WAMU denies each and every remaining allegation in Paragraph 12.

## COUNT ONE – BREACH OF CONTRACT

13. Plaintiffs reallege and adopt by reference all prior allegations of the Complaint, as if set forth fully herein.

**ANSWER:** WAMU repeats and realleges all prior answers of the Complaint as if set forth fully herein.

14. The Note is the only contract governing the business relationship between Plaintiffs and WAMU. The Note does not authorize imposition of a PF. The Note prohibits charging any prepayment penalty.

**ANSWER:** WAMU admits that the Note and Mortgage are contracts governing the business relationship between Plaintiffs and WAMU. The terms of the Note and Mortgage speak for themselves. WAMU denies each and every remaining allegation in Paragraph 14.

15. By charging the PF to Plaintiffs, WAMU has breached the contract between Plaintiffs and WAMU. WAMU had no colorable legal claim to the PF, because, among other reasons, the PF was not authorized by the Note, and because the imposition of the PF violates the provision in the Note prohibiting PFs.

**ANSWER:** Denied.

16. As a proximate result of said breach, Plaintiffs have suffered damage.

**ANSWER:** Denied.

### COUNT TWO – UNJUST ENRICHMENT & MONEY HAD AND RECEIVED

17. Plaintiffs reallege and adopt by reference all prior allegations of the Complaint, as if set forth fully herein.

**ANSWER:** WAMU repeats and realleges all prior answers of the Complaint as if set forth fully herein.

18. WAMU has acquired money which in equity and good conscience belongs rightly to Plaintiffs. WAMU has been unjustly enriched at the expense of Plaintiffs, and equity demands that WAMU return the money to Plaintiffs which was wrongfully taken.

**ANSWER:** Denied.

### COUNT THREE – VIOLATION OF FAIR CREDIT REPORTING ACT

19. Plaintiffs reallege and adopt by reference all prior averments in the Complaint, as if set forth fully herein.

**ANSWER:** WAMU repeats and realleges all prior answers of the Complaint as if set forth fully herein.

20. WAMU charged the Scotts a PF of $180.00. WAMU has averred that the PF charged to the Scotts actually comprised three separate $60.00 charges for PFs.

**ANSWER:** WAMU admits that it charged Plaintiffs $180.00 for the service of providing on an expedited basis three separate written payoff statements. WAMU denies each and every remaining allegation in Paragraph 20.

21. WAMU charged other borrowers lesser amounts for their PFs.

**ANSWER:** WAMU admits that, at other times and in different circumstances, WAMU charged other borrowers less than $60.00 for payoff statements. WAMU denies each and every remaining allegation in Paragraph 21.

22. On information and belief, WAMU determines the amount to charge a borrower for a PF based on information contained in the credit file and credit report of the borrower.

**ANSWER:** Denied.

23. The higher charges for PFs incurred by the Scotts and others similarly situated constitute "adverse action" within the meaning of FCRA, 15 U.S.C. § 1681a(k)(1).

**ANSWER:** Denied.

24. WAMU willfully and knowingly did not provide notice to the Scotts or to others similarly situated of such adverse action, in violation of FCRA, 15 U.S.C. § 1681m.

**ANSWER:** Denied.

## CLASS ACTION ALLEGATIONS

31. Plaintiffs reallege and adopt by reference all prior averments in the Complaint, as if set forth fully herein.

**ANSWER:** WAMU repeats and realleges all prior answers of the Complaint as if set forth fully herein.

32. Pursuant to Ala. R. Civ. P. 23(b)(3), Plaintiffs bring this action on behalf of themselves and a putative class of persons defined as follows: all persons residing in the United States who, from six years prior to the filing of this action up to and including the date of final judgment herein, were charged a PF in any amount by WAMU or any affiliate bank or corporation of WAMU.

**ANSWER:**   WAMU admits that Plaintiffs purport to bring their claims on behalf of a class defined in Paragraph 32.  WAMU denies that the certification of a class is or would be proper.  WAMU denies each and every remaining allegation in Paragraph 32.

33. Count Three is brought on behalf of a subclass consisting of all persons who, from two years prior to the filing of this action up to and including the date of final judgment herein, (1) were charged a PF by WAMU or any affiliate bank or corporation of WAMU in connection with the satisfaction of a mortgage, (2) where the amount of the PF charged to such persons was higher than the lowest amount charged by WAMU for a PF at the time of the charge; and (3) where WAMU failed to send any notice of adverse action to such persons.

**ANSWER:**   WAMU admits that Plaintiffs purport to bring Count III on behalf of a subclass defined in Paragraph 33.  WAMU denies that the certification of a subclass is or would be proper.  WAMU denies each and every remaining allegation in Paragraph 33.

34. The elements of Rule 23(a) are met in this case, in that (1) the class is so numerous that joinder of individual members of the class is impractical; (2) there are questions of law and/or fact which are common throughout the class; (3) the claims of the Plaintiffs and defenses thereto are typical of the claims of the class members and defenses thereto; and (4) Plaintiffs and their counsel will adequately represent the interests of absent class members.

**ANSWER:**   Denied.

35. The elements of Rule 23(b)(3) are also satisfied in this case, in that the common questions of law and fact predominate over individual questions.  Among the common issues to be decided are as follows:

    a. whether the Note and other contracts between WAMU and its mortgagees authorize imposition of a PF in any amount, including but not limited to the amount charged by WAMU for the PF;

    b. whether the charging of a PF where the amount is based on the creditworthiness of the borrower is an "adverse action" within the meaning of FCRA.

**ANSWER:**   Denied.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, and as additional defenses thereto, WAMU incorporates by reference the foregoing answers and affirmative statements as though fully set forth herein, without assuming the burden of proof where such burden is otherwise on Plaintiffs

as a matter of applicable substantive or procedural law, and further alleges the following affirmative defenses:

### FIRST DEFENSE
### (Failure to State a Claim For Relief – Count I)

Plaintiffs fail to state a claim upon which relief can be granted because Alabama law allows the imposition of the charges at issue (including but not limited to payoff statement fees). *See, e.g., Stone v. Mellon Mortgage Co.*, 771 So.2d 451 (Ala. 2000).

### SECOND DEFENSE
### (Failure to State a Claim For Relief – Count II)

Plaintiffs fail to state a claim upon which relief can be granted for unjust enrichment because there is a written contract that governs the relationship between Plaintiffs and WAMU.

### THIRD DEFENSE
### (Failure to State a Claim For Relief – Count III)

Plaintiffs fail to state a claim upon which relief can be granted under the Fair Credit Reporting Act because no "adverse action" has been taken against Plaintiffs.

### FOURTH DEFENSE
### (Voluntary Payment)

Plaintiffs' claims are barred under the voluntary payment doctrine because they paid the payoff statement fee voluntarily and without protest.

### FIFTH DEFENSE
### (Waiver/Estoppel)

Plaintiffs have waived and/or are estopped from raising their claims.

## SIXTH DEFENSE
### (Laches)

Plaintiffs delayed in asserting their claims against WAMU for an unreasonable period of time, which delay has prejudiced WAMU, and therefore Plaintiffs' claims should be barred by the doctrine of laches.

## SEVENTH DEFENSE
### (Pre-emption)

Plaintiffs' claims are preempted in whole or in part by applicable federal law and regulations, including the Home Owners' Loan Act, 12 U.S.C. § 1461 *et seq.*, and the regulations promulgated thereunder by the Office of Thrift Supervision, 12 C.F.R. 560.2.

## EIGHTH DEFENSE
### (Statute of Limitations)

Plaintiffs' claim under the Fair Credit Reporting Act was not brought until August 22, 2005, outside of the two year statute of limitations under 15 U.S.C. 1681p.

## NINTH DEFENSE
### (Account Stated)

Plaintiffs' claims are barred by an account stated, under Ala. Code § 7-4-406 (2005), due to Plaintiffs' failure to promptly notify WAMU of any alleged unauthorized payments.

## ADDITIONAL DEFENSES

WAMU reserves the right to assert individual defenses against absent members of the class.

## JURY DEMAND

WAMU demands a jury on all counts triable by jury.

Dated:  October 19, 2005                                      Respectfully submitted,

WASHINGTON MUTUAL BANK


By: /s/  Scott T. Schutte
      One of Its Attorneys


| | |
|---|---|
| P. Richard Hartley (Alabama Bar #HAR050)<br>Hartley & Hickman<br>415 East Commerce Street, Suite 101<br>P.O. Box 583<br>Greenville, Alabama  36037-0583<br>Telephone:  (334) 382-6618<br>Fax:  (334) 382-5183<br>E-mail:  hartley@greenlynk.com | OF COUNSEL:<br>Scott T. Schutte (Illinois Bar #6230227)<br>*(admitted pro hac vice)*<br>Jenner & Block LLP<br>One IBM Plaza<br>Chicago, Illinois  60611<br>Telephone: (312) 222-9350<br>Fax: (312) 840-7301<br>E-mail:  sschutte@jenner.com |

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of October 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Randall K. Bozeman
Bozeman & Bozeman
P.O. Box 337
Hayneville, AL  36040-0337

Robert E. Battle
Wilson F. Green
Michael J. Clemmer
Battle Fleenor Green Winn & Clemmer LLP
The Financial Center
505 North 20th Street, Suite 1150
Birmingham, Alabama 35203

                                              By: /s/  Scott T. Schutte
                                                    Counsel for Defendant