**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **KENNETH & DEBRA SCOTT,** ) | |
| Plaintiffs, ) | |
| v. ) | **CV 2:05-907-MHT-CSC** |
| **WASHINGTON MUTUAL BANK,** ) | |
| **Formerly known as Washington** | |
| **Mutual Bank, F.A.,** ) | |
| Defendant. ) | |

**SUPPLEMENT TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO RESPOND TO FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND MOTION TO EXTEND DEADLINE FOR AMENDING PLEADINGS AND JOINING PARTIES**

Come now the Plaintiffs, Kenneth & Debra Scott ("Plaintiffs"), and hereby supplements its Motion, filed January 12, 2006, to Compel Defendant to Respond to Interrogatories and Requests for Production of Documents, and for other relief (the "Motion"), as follows:

1. Plaintiffs' Motion asked the Court (1) to compel Defendant, Washington Mutual Bank ("WAMU"), to respond to Plaintiffs' first Interrogatories and Requests for Production of Documents (which were served with the Complaint almost a year ago), and (2) to extend the deadline of January 16, 2006 imposed by the Court for Plaintiffs to amend their pleadings and to join parties. As explained in the Motion, Plaintiffs' counsel gave counsel for WAMU (who is admitted to this Court pro hac vice) two extensions of time to respond to discovery, the last one expiring on January 6, 2006. When Defendants failed to respond (or object), Plaintiffs sent two emails to counsel for WAMU (which is

how we have been primarily communicating in this case) asking for the responses and warning that the Motion would be necessary, due to the impending deadline of January 16, 2006 to amend pleadings and join parties. When WAMU's counsel failed to respond to these emails, Plaintiffs filed their Motion on January 12, 2006.

2.      On January 16, 2006, Plaintiffs received by email the document attached as Exhbit 1, which purport to be WAMU's "Responses" to the Plaintiffs' Discovery. As is apparent from even a cursory review of the "Responses," WAMU has objected to every single interrogatory (save one) and every single document request. WAMU did not even attach a jurat or other sworn affirmation for the interrogatory responses, and did not even provide a space for such attestation (presumably, in WAMU's haste to throw together responses after receiving the January 12 Motion) – even though WAMU asked for the second extension of time due to the unavailability of WAMU personnel to review the responses. We now presume that WAMU will attempt to file a Response to the Motion, protesting that it has now provided the requested responses and that the Motion is now moot or should otherwise be denied.

3.      WAMU's responses are obviously inadequate. For example, Interrogatory No. 7 requests the following:

> For each of the last six years preceding the filing of this action, state the following with respect to PSFs charged to borrowers in connection with mortgage loans encumbering property in the United States: (1) the date on which PSFs began to be imposed; (2) the amount of the PSFs when they were first imposed; (3) the date(s) on which the amount of PSFs changed, and the amount to which they were changed; (4) the reasons PSFs were imposed; (5) the reasons the amount of the PSFs were changed.

In response to that simple, straightforward question, WAMU's response is only an objection:

> WAMU objects to this interrogatory because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission.

WAMU's Responses, Exhibit 1, at 4. Obviously, WAMU's business practices regarding the imposition of PSFs (which is the subject of this litigation), and how they changed over time (if at all), and their uniformity (or lack thereof), are directly relevant to whether a class of persons who were charged PSFs can be certified, because these facts could be raised in support of a contention (which WAMU will no doubt make) that individual issues may emerge in each class member's case, thus defeating the "predominance" requirement under Rule 23(b)(3).

    4.    WAMU's conduct in failing to provide responses, and failing to respond to counsel's requests, and requiring counsel to file a Motion to Compel, and in refusing to respond to all legitimate discovery, violates this Court's Guidelines for Conduct of Civil Discovery, which states at Section I, G:

> The Federal Rules of Civil Procedure set out explicit time limits for responses to discovery requests. Those are the dates by which a lawyer should answer; he should not await a court order. If a lawyer cannot answer on time, he should move for an extension of time in which to answer, and inform opposing counsel so that in the meantime no motion to compel a response will be filed.
>
> Because lawyers are expected to respond when the rules provide, Rule 37(a)(4) provides that if an opposing lawyer must go to court to make the recalcitrant party answer, the

>moving lawyer is ordinarily awarded counsel fees spent in filing (and, if necessary, arguing) the motion to compel. Rule 37 will be enforced in this district strictly according to its tenor.

5. We attempted to extend all professional courtesy in this case by giving WAMU two extensions of time to respond. In response to our courtesy, we received a complete lack of courtesy – no responses, and not even communications.

6. We do not like discovery motions, and we know the Court does not like them, either. And customarily, we would file a Motion to Compel which catalogues each deficiency in the responses. But in this case, WAMU's conduct is so dilatory that, we submit, the customary procedure is not appropriate or necessary. Given WAMU's failure to respond timely, the Court has discretion under Rule 37 to impose an appropriate sanction. We submit that that sanction is a waiver of all objections to the First Interrogatories and Document Requests. We ask that the Court enter an Order deeming all such objections waived and ordering WAMU to respond to all such requests in 10 days.

7. As indicated in the Motion, the information requested in the discovery is necessary for Plaintiffs to determine whether amendments to pleadings need to be offered. Thus, Plaintiffs also request that the Court extend the deadline for Plaintiffs to amend their pleadings or join additional parties until 15 days after WAMU has provided complete responses to the discovery requests.

WHEREFORE, Plaintiffs request that the Court (1) compel Defendant to respond to Plaintiffs' first Interrogatories and Requests for Production of Documents within 10 days, and (2) extend the deadline of January 16, 2006 imposed by the Court for Plaintiffs

to amend their pleadings and to join parties until 15 days after WAMU has provided complete responses to the discovery.

Respectfully submitted this the 16th day of January, 2006.

                                                  **/s/Wilson F. Green**
                                                One of the Attorneys for Plaintiffs

**OF COUNSEL**:
Battle Fleenor Green Winn & Clemmer LLP
The Financial Center
505 N. 20th Street, Suite 1150
Birmingham, Alabama 35203
(205) 397-8163
FAX (205) 397-8179
wgreen@bfgwc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the Court's CM/ECF system on this the 16th day of January, 2006, on the following:

Matthew M. Neumeier
Scott T. Schutte
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois 60611

                                                **/s/ Wilson F. Green**
                                                Of Counsel