IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH & DEBRA SCOTT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   CV 2:05-907-MHT-CSC |
| | ) |
| Washington Mutual Bank, F.A., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT WASHINGTON MUTUAL BANK'S RESPONSES
TO PLAINTIFF'S FIRST INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Washington Mutual Bank f/k/a Washington Mutual Bank F.A. ("WAMU"), by and through its attorneys, objects and responds as follows to Plaintiff's First Interrogatories and Requests for Production of Documents. WAMU reserves the right to supplement these responses, which are made based on the current status of WAMU's knowledge, understanding and belief. The investigation of facts and information relating to this action is continuing and these responses are, therefore, not intended as an admission or a representation that additional or different information or facts do not exist.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

1.   In the event that this Defendant is not correctly named, state the correct name, address, and agent for service of the entity which charged Plaintiffs the PSF.

**RESPONSE:**   The First Amended Complaint names as a defendant Washington Mutual Bank, F.A. Washington Mutual Bank, F.A. is now known as Washington Mutual Bank. Washington Mutual Bank does not contend that it was not properly named or served.

2.  State the names, addresses, and (if known) telephone numbers of each and every person, on whose mortgage loan encumbering property situated in the United States, WAMU has imposed a PSF at any time within the six (6) years preceding the filing of this lawsuit. This interrogatory is asked (1) without regard to whether the borrower has agreed to arbitrate claims relating to her loan, or (2) without regard to the amount of the PSF charged.

**RESPONSE:** WAMU objects to this interrogatory because it is overly broad and unduly burdensome. WAMU further objects to this interrogatory as premature because it seeks to discover information about the members of the putative class, yet Plaintiffs have not filed a Motion for Class Certification, and no class has been certified. Unless and until a class is certified (which it should not be) the effort required to respond to this interrogatory outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2). Likewise, WAMU also objects because the interrogatory seeks the production of personally identifying, non-public information as to individuals who are not and never will be parties to this action unless and until a class is certified. For purposes of class certification, WAMU does not deny that if the class plaintiffs have pleaded were to be certified and were certifiable (which it is not), that class would include thousands or more individuals. WAMU denies that the certification of a class is or would be proper.

3.  State the State [sic] the names, addresses, and (if known) telephone numbers of each and every person, on whose mortgage loan encumbering property situated in the State of Alabama, WAMU has imposed a PSF at any time within the six (6) years preceding the filing of this lawsuit. This interrogatory is asked (1) without regard to whether the borrower has agreed to arbitrate claims relating to her loan, or (2) without regard to the amount of the PSF charged.

**RESPONSE:** WAMU refers Plaintiffs to its response to Interrogatory No. 2.

4.  As to all persons identified in your answer to the preceding interrogatories 2 and 3, state the amount of the PSF charged to each such person, and the date on which the PSF was charged.

**RESPONSE:** WAMU objects to this interrogatory because it is overly broad and unduly burdensome. WAMU further objects to this interrogatory because it seeks information

not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. To the extent that this interrogatory seeks information about members of the putative class other than Plaintiffs, WAMU further objects to this interrogatory as premature because Plaintiffs have not filed a Motion for Class Certification, and no class has been certified. Unless and until a class is certified (which it should not be) the effort required to respond to this interrogatory outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2). WAMU also objects because the interrogatory seeks the production of personally identifying, non-public information as to individuals who are not and never will be parties to this action unless and until a class is certified. Subject to and without waiving its objections, WAMU responds that Plaintiffs were charged $60 each for the three payoff statements they requested and received. Subsequently, WAMU change the structure of its payoff statement fee and reduced the fee to $30.

5.  State the names, addresses, and agents for service of all legal entities presently or formerly affiliated directly or indirectly with WAMU which, within the six (6) years preceding the filing of this action, have charged PSFs in connection with the payoff of loans owned by WAMU and secured by mortgages encumbering property within the United States.

**RESPONSE:** WAMU objects to this interrogatory because the phrase "presently or formerly affiliated directly or indirectly with WAMU" is vague and ambiguous. To the extent that this interrogatory seeks information about any entity that is not a defendant, WAMU objects to this interrogatory because it seeks information that is not relevant to the claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1). Subject to and without waiving these objections, WAMU responds that for the time period February 17, 1999, through February 17, 2005, WAMU was the only entity that charged payoff statement fees related to loans WAMU serviced and that were secured by mortgages encumbering property within the United States.

3

6.  For each of the last six years preceding the filing of this action, state the monthly total revenues derived from the imposition of PSFs in connection with the payoffs of mortgage loans encumbering properties situated in the State of Alabama for PSFs charge [sic] by either WAMU or the other entities identified in your response to interrogatory 5.

**RESPONSE:** WAMU objects to this interrogatory because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU further objects to this interrogatory because it seeks information that is not relevant to the claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1). WAMU further objects to this interrogatory because it is overly broad and unduly burdensome. Unless and until a class is certified (which it should not be) the effort required to respond to this interrogatory outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(2).

7.  For each of the last six years preceding the filing of this action, state the following with respect to PSFs charged to borrowers in connection with mortgage loans encumbering property in the United States: (1) the date on which PSFs began to be imposed; (2) the amount of the PSFs when they were first imposed; (3) the date(s) on which the amount of PSFs changed, and the amount to which they were changed; (4) the reasons PSFs were imposed; (5) the reasons the amount of the PSFs were changed.

**RESPONSE:** WAMU objects to this interrogatory because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission.

8.  For each of the last six years preceding the filing of this action, state the following with respect to PSFs charged to borrowers in connection with mortgage loans encumbering property in the State of Alabama: (1) the date on which PSFs began to be imposed; (2) the amount of the PSFs when they were first imposed; (3) the date(s) on which the amount of PSFs changed, and the amount to which they were changed; (4) the reasons PSFs were imposed; (5) the reasons the amount of the PSFs were changed.

**RESPONSE:**  WAMU refers Plaintiff to its response to Interrogatory No. 7.

9.  Do you contend that you gave notice to Plaintiffs that a PSF would be imposed in connection with Plaintiffs' payoff by any means other than through the Payoff Statement

4

attached to the Complaint? If your answer is "Yes," please describe the form and contents of such notice and produce any documents relating to same.

**RESPONSE:** WAMU objects to this interrogatory because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU also objects to this interrogatory because it lacks foundation. Any payoff statement fee was imposed for the service of providing a payoff statement, not "in connection with Plaintiffs' payoff." Subject to and without waiving its objections, WAMU responds that each of the three payoff statements requested and received by Plaintiffs for which Plaintiffs were charged by WAMU was requested via WAMU's interactive voice response system ("IVR"). On each of these three occasions, in the course of ordering the payoff statement via the IVR, Plaintiffs (or the person ordering the payoff statement on their behalf) were provided notice that there was a $60 fee associated with their request for a faxed payoff statement.

10.    Do you contend that you gave notice to borrowers other than the Plaintiffs that a PSF would be imposed in connection with such borrowers' payoffs by any means other than through the Payoff Statements like that attached to the Complaint? If your answer is "Yes," please describe the form and contents of such notice and produce any documents relating to same.

**RESPONSE:** WAMU objects to this interrogatory because it is overly broad and unduly burdensome. WAMU also objects to this interrogatory because it lacks foundation. Any payoff statement fee was imposed for the service of providing a payoff statement, not "in connection with Plaintiffs' payoff." The only way to confirm that every individual member of the putative class plaintiff seeks to certify received notice that a statement fee would be assessed would be to conduct a loan-level analysis of every loan that was assessed a statement fee during the relevant period to determine the process by which a payoff statement was requested and where necessary based on that information, to conduct a transaction-by-transaction investigation.

5

To the extent absent members of plaintiff's putative class used the IVR to request a payoff statement, WAMU refers Plaintiff to WAMU's response to Interrogatory No. 9. WAMU otherwise states that to the extent statements were requested through a means other than the IVR, its policy is and has been to notify borrowers of the statement fee prior to the fee's being assessed.

11. Identify each and every "portfolio" of loans originated or purchased by WAMU in which is contained any mortgage loan encumbering property in the State of Alabama against which a PSF was charged at any time within the six (6) years preceding the filing of this action.

**RESPONSE:** WAMU objects to this interrogatory because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU further objects to this interrogatory because the notion of identifying a "portfolio" of loans is vague and ambiguous, because the interrogatory is overly broad and unduly burdensome, and because, depending on the interpretation of the interrogatory it seeks the production of personally identifying, non-public information as to individuals who are not and never will be parties to this action unless and until a class is certified.

12. Identify each and every person who has knowledge of the facts and matters set forth in the Complaint, including but not limited to each and every one of those persons who has knowledge of WAMU's imposition of PSFs within the past six (6) years in connection with mortgage loans encumbering properties located in the United States and in Alabama.

**RESPONSE:** WAMU objects to this interrogatory because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. To the extent that this interrogatory seeks the identify of every person who has knowledge of WAMU's imposition of payoff statement fees over the past six years, WAMU objects to this interrogatory because it is overly broad and unduly burdensome. Subject to and without waiving this objection, WAMU

6

responds that it believes the following persons have personal knowledge of facts alleged in the complaint:

    1.    Kenneth Scott

    2.    Debra Scott

    3.    Troy Booth, BNB & Associates LLC

    4.    Derric Baker, BNB & Associates LLC

    13.    Identify each and every person who has knowledge of the imposition of PSFs by any affiliate of WAMU within the past six (6) years in connection with mortgage loans encumbering properties located in the United States and in Alabama.

**RESPONSE:** WAMU objects to this interrogatory because it is overly broad and unduly burdensome, because it seeks information as to entities not parties to this action, because the information it seeks is thus not relevant to any claim or defense in this action, and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission.

    14.    Identify each and every person who is or was employed by WAMU in the payoff department or in any department which had oversight over PSFs at any time within the six (6) years prior to the filing of this action up to the present.

**RESPONSE:** WAMU objects to this interrogatory because it is overly broad and unduly burdensome, and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. Subject to and without waiving its objection, WAMU responds that various persons have supervised the units that issue those payoff statements not prepared automatically, including Jela Biersach, Vera Matic-Maeder and Debbie Robbins.

    15.    Identify any committees or other bodies responsible for determining whether to impose PSFs and whether to increase or decrease the amounts charged for PSFs at any time within the six (6) years prior to the filing of this action up until the present.

7

**RESPONSE:** WAMU objects to this interrogatory because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1.  Produce all documents concerning or relating to the allegations of the Complaint, including but not limited to the following: (a) the Plaintiffs' complete files, including computerized records; (b) WAMU's imposition of PSFs on mortgage loans encumbering Alabama properties and the properties of all other class members at any time within the past six (6) years, including but not limited to the Plaintiffs' Note.

**RESPONSE:** WAMU objects to this request because it is overly broad and unduly burdensome, because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. To the extent that this request seeks information about members of the putative class other than Plaintiffs, WAMU further objects to this interrogatory as premature because Plaintiffs have not filed a Motion for Class Certification, and no class has been certified and because it seeks the production of personally identifying, non-public information as to individuals who are not and never will be parties to this action unless and until a class is certified. Subject to and without waiving its objections, WAMU refers Plaintiffs to documents previously produced Bates-numbered WAMU/Scott 00001-00139.

2.  Produce all documents concerning or relating to charges for PSFs imposed by WAMU or any present or past affiliate of WAMU on borrowers on properties situated in the State of Alabama at any time within the six (6) years preceding the filing of this lawsuit.

**RESPONSE:** WAMU objects to this interrogatory because it is overly broad and unduly burdensome and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU also objects to this request to the extent it seeks

information as to entities not parties to this action, because the information it seeks is thus not relevant to any claim or defense in this action, and because it seeks the production of personally identifying, non-public information as to individuals who are not and never will be parties to this action unless and until a class is certified. To the extent that this request seeks information about members of the putative class other than Plaintiffs, WAMU further objects to this request as premature because Plaintiffs have not filed a Motion for Class Certification, and no class has been certified. Subject to and without waiving its objections, WAMU responds that documents relating to payoff statement fees charged to Plaintiffs have been previously produced Bates-numbered WAMU/Scott 00001-00139.

3.    Produce all documents concerning or relating to charges for PSFs imposed by WAMU or any present or past affiliate of WAMU on any putative class member at any time within the six (6) years preceding the filing of this lawsuit.

**RESPONSE:** WAMU objects to this interrogatory because it is overly broad and unduly burdensome, because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU also objects to this request to the extent it seeks information as to entities not parties to this action, because the information it seeks is thus not relevant to any claim or defense in this action, and because it seeks the production of personally identifying, non-public information as to individuals who are not and never will be parties to this action unless and until a class is certified. To the extent that this request seeks information about members of the putative class other than Plaintiffs, WAMU further objects to this request as premature because Plaintiffs have not filed a Motion for Class Certification, and no class has been certified. Subject to and without waiving its objections, WAMU responds that documents

relating to payoff statement fees charged to Plaintiffs have been previously produced Bates-numbered WAMU/Scott 00001-00139.

      4.      Produce all documents reflecting the imposition of PSFs by WAMU on mortgage loans involving members of the putative class.

**RESPONSE:** WAMU objects to this request because it is overly broad and unduly burdensome, because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU also objects to this request because it seeks the production of personally identifying, non-public information as to individuals who are not and never will be parties to this action unless and until a class is certified. To the extent that this request seeks information about members of the putative class other than Plaintiffs, WAMU further objects to this interrogatory as premature because Plaintiffs have not filed a Motion for Class Certification, and no class has been certified. Subject to and without waiving its objections, WAMU responds that documents relating to payoff statement fees charged to Plaintiffs have been previously produced Bates-numbered WAMU/Scott 00001-00139.

      5.      Produce all documents concerning or reflecting communications between WAMU or any affiliate thereof and any third party, including but not limited to a borrower or a governmental investigator, concerning the imposition of PSFs in connection with mortgage loans encumbering Alabama properties at any time within the six (6) years prior to the filing of this action.

**RESPONSE:** WAMU objects to this request because it is overly broad and unduly burdensome, and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU also objects to this request because it seeks the production of personally identifying, non-public information as to individuals who are not and never will be parties to this action unless and until a class is certified. To the extent that this request seeks

information about members of the putative class other than Plaintiffs, WAMU further objects to this request as premature because Plaintiffs have not filed a Motion for Class Certification, and no class has been certified. Subject to and without waiving its objections, WAMU responds that documents relating to payoff statement fees charged to Plaintiffs have been previously produced Bates-numbered WAMU/Scott 00001-00139.

6. Produce all documents reflecting or concerning or relating to any decisions by WAMU to impose PSFs or to increase the amounts charged for PSFs on mortgage loans at any time within the six years prior to the filing of this action, including but not limited to all documents relating to your response to Interrogatory 7.

**RESPONSE:** WAMU objects to this request because it is overly broad and unduly burdensome, and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission.

7. Produce all documents reflecting or relating to customer complaints or lawsuits filed against WAMU or any affiliate thereof concerning or relating to WAMU's or any affiliate's imposition of PSFs on mortgage loans encumbering within the six years prior to the filing of this action.

**RESPONSE:** WAMU objects to this request because it seeks information that is not relevant to any claim or defense in this action, because it is overly broad and unduly burdensome, and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU also objects to this request to the extent it seeks information as to entities not parties to this action, which is thus not relevant to any claim or defense in this action.

8. Produce all documents relating to or reflecting or concerning in any way the revenues collected by WAMU or any affiliate thereof on PSFs on mortgage loans encumbering properties situated in the State of Alabama and in the United States at any time within the six (6) years prior to the filing of this action.

**RESPONSE:** WAMU objects to this request because it is overly broad and unduly burdensome, and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU also objects to this request to the extent it seeks information as to entities not parties to this action, because the information it seeks is thus not relevant to any claim or defense in this action,

9. Produce all documents relating to or reflecting or concerning in any way the costs incurred by WAMU or any affiliate thereof from generating payoff statements on mortgage loans at any time within the sux [sic] years prior to the filing of this action.

**RESPONSE:** WAMU objects to this request because it is overly broad and unduly burdensome, and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU also objects to this request to the extent it seeks information as to entities not parties to this action, because the information it seeks is thus not relevant to any claim or defense in this action,

10. Produce all documents relating to or relating or concerning in any way the profits realized by WAMU or any affiliate thereof from charging PSFs on mortgage loans at any time within the six years prior to the filing of this action.

**RESPONSE:** WAMU objects to this request because it is overly broad and unduly burdensome, and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission. WAMU also objects to this request to the extent it seeks information as to entities not parties to this action, because the information it seeks is thus not relevant to any claim or defense in this action,

11. Produce all documents relating to or reflecting information which is provided in response to the interrogatories above.

**RESPONSE:** Subject to all of the objections and responses made in connection with the above interrogatories, WAMU responds that all such documents previously have been produced.

12. Produce the Plaintiffs' loan file.

**RESPONSE:** WAMU refers Plaintiffs to documents previously produced Bates-labeled WAMU/Scott 00001-00139.

13. Produce the memoranda of any committees or other bodies identified in your response to Interrogatory 14.

**RESPONSE:** WAMU objects to this request because it is overly broad and unduly burdensome, because the phrase "memoranda of any committees or other bodies" is vague and ambiguous and because it seeks information not related to class certification, in contravention of this Court's November 2, 2005 Scheduling Order and Paragraph 3(a) of the parties' Joint Rule 26(f) submission.

Dated: January 16, 2006

Respectfully submitted,

WASHINGTON MUTUAL BANK

By: *Scott T. Schutte /lp*
One of Its Attorneys

P. Richard Hartley (Alabama Bar #HAR050)
Hartley & Hickman
415 East Commerce Street, Suite 101
P.O. Box 583
Greenville, Alabama  36037-0583
Telephone:  (334) 382-6618
Fax:  (334) 382-5183

Scott T. Schutte (Illinois Bar #6230227)
(admitted *pro hac vice*)
Jenner & Block LLP
One IBM Plaza
Chicago, Illinois  60611
Telephone: (312) 222-9350
Fax: (312) 840-7301